UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-CV-620-FDW-DSC

| ROBYN ADOLPHE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| AMERICAN HOME MORTGAGE SERVICING, INC. | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on *pro se* Plaintiff's Motion for Preliminary Injunction. (Doc. No. 3). For the reasons set forth, Plaintiff's Motion is DENIED.

Plaintiff sues to enjoin the foreclosure sale of the property located at 8947 Myra Way, Charlotte, NC 28215 ("the property"), scheduled to occur on December 22, 2010. "A preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Def. Council, ___ U.S. ___, 129 S. Ct. 365, 376 (2008), and this Court does not issue them lightly. In order to prevail on her Motion for Preliminary Injunction, Plaintiff must establish: (1) the likelihood that she will suffer irreparable harm in the absence of preliminary relief; (2) the likelihood of her success on the merits; (3) that the balance of inquiries tip in her favor; and (4) that an injunction is in the public interest. Id. at 374.

Plaintiff's Motion simply fails to establish the likelihood of her success on the merits. Construing *pro se* Plaintiff's pleadings liberally, as the Court must, the only discernible basis for why an injunction should issue is Plaintiff's conclusory statement that "It is my belief that American Home Mortgage Services [I]nc. engaged in predatory lending acts and failed to comply with various

unspecified statutes." (Doc. No. 3 at 1). By failing to properly identify how Defendant behaved unlawfully in instituting foreclosure proceedings against Plaintiff, Plaintiff has not demonstrated how success on the merits is even plausible, let alone likely.[1]

Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) is DENIED WITHOUT PREJUDICE. Because the foreclosure sale is not scheduled to occur until December 22, 2010, Plaintiff will have ample opportunity to renew her motion with the requisite showing.

The Clerk is directed to send a copy of this Order to 8947 Myra Way, Charlotte, NC 28215, which is *pro se* Plaintiff's address of record.

IT IS SO ORDERED.

Signed: December 10, 2010

Frank D. Whitney
United States District Judge

---

[1] Plaintiff, by her own admission, is a professional mortgage broker (Doc. No. 3 at 1) who should be familiar with the foreclosure process and the showing required for federal judicial intervention in a foreclosure sale.