# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:10-cv-620-FDW-DSC

| | |
|---|---|
| ROBYN ADOLPHE, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )    ORDER<br>) |
| AMERICAN HOME MORTGAGE SERVICING, INC. | )<br>)<br>) |
| Defendant. | )<br>) |

THIS MATTER is before the Court on *pro se* Plaintiff's Motion for Subpoena (Doc. No. 17) and Defendant's cross-Motion to Strike (Doc. No. 19). For the reasons set forth, Defendant's Motion to Strike is GRANTED.

Plaintiff filed a Complaint and Motion for Temporary Restraining Order ("TRO") on December 2, 2010, seeking to enjoin the foreclosure sale of the property located at 8947 Myra Way. The Court denied Plaintiff's Motion for TRO, noting that Plaintiff failed to establish the likelihood of her success on the merits. (Doc. No. 6). As part of her Complaint, Plaintiff apparently seeks, in addition to injunctive relief, "a telephone call from the office of the President of [Defendant], in regards to what has now become a common occurrence" as well as the disclosure of certain documents, including the "original chain of title;" "original promissory note;" "original note of ownership;" "the notice of beneficiary assignment;" and "all servicing providers indicated on the reinstatement quote that was sent [to Plaintiff] in writing on November 15, 2010." (Doc. No. 2). Plaintiff's request for subpoenas similarly seeks a telephone call from Defendant's President, as well as the documents listed above. (Doc. No. 17).

As Defendant notes, Plaintiff's subpoena request is premature, particularly considering the fact that Plaintiff's subpoena request is identical to the relief she seeks in her Complaint. Pursuant to Fed. R. Civ. P. 26(d)(1),

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Here, the parties have not engaged in a Rule 26(f) conference to date and the action is not one exempted from initial disclosures, as listed in Rule 26(a)(1)(B). The Court will not compel discovery until such time as the parties have conducted a Rule 26(f) conference.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike is GRANTED. Plaintiff's Motion for Subpoenas shall be stricken. The Court will not entertain a motion for subpoena until discovery has commenced.

IT IS SO ORDERED.

Signed: March 1, 2011

Frank D. Whitney
United States District Judge