UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10-cv-620-FDW-DSC

| | |
|---|---|
| ROBYN ADOLPHE, )<br>)<br>　　　　Plaintiff, )<br>v. )<br>)<br>AMERICAN HOME MORTGAGE )<br>SERVICING, INC., )<br>)<br>　　　　Defendant. )<br>) | ORDER |

THIS MATTER is before the Court *sua sponte* following Defendant's Answer to Amended Complaint and renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 22, 23). Plaintiff, who is proceeding *pro se* filed suit on December 2, 2010, seeking to enjoin the foreclosure sale of the property at 8947 Myra Way, Charlotte, NC 28215. In due course, Defendant moved to dismiss for failure to state a claim upon which relief can be granted or in the alternative for a more definite statement. (Doc. No. 12). On January 13, 2011, the Court issued to Plaintiff a cautionary Roseboro Notice informing her of the burden she carries in opposing a Rule 12(b)(6) motion and directing Plaintiff to respond to Defendant's motion by February 21, 2011. On February 22, 2011, Plaintiff amended her Complaint as a matter of course.[1] (Doc. No. 20).

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at the superseded pleadings are to be denied as moot. See generally Young v. City of Mount Rainier, 238 F.3d 567, 573 (4th Cir. 2001) (amended pleadings renders original pleading of

---

[1] Rule 15(a)(1)(B) permits amendment as a matter of course to a pleading which requires a response within twenty-one (21) days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is sooner. Defendant initially forewent an answer and only moved to dismiss. Furthermore, allowing for delays in mail due to Plaintiff's *pro se* status, the Court construes her Amended Complaint as timely filed.

no effect); Colin v. Marconi Commerce Sys. Emp.'s Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004); Turner v. Knight, 192 F. Supp. 2d 391, 397 (D. Md. 2002).

IT IS THEREFORE ORDERED that Defendant's first motion to dismiss (Doc. No. 12), directed at Plaintiff's first Complaint, is DENIED as moot.

In an abundance of caution, the Court reminds Plaintiff of the burden she carries in confronting Defendant's renewed Motion to Dismiss (Doc. No. 23). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is hereby advised that she has fourteen (14) days from the date of this order, or until **Monday, March 28, 2011**, to file a response to Defendant's Motion in light of the above standard. Plaintiff's response must be served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendant. Plaintiff's failure to respond may result in Defendant being granted the relief it seeks, which is dismissal of Plaintiff's complaint. Pursuant to the Federal Rules of Civil Procedure, Plaintiff may not further amend her complaint without first seeking leave of the Court.

The Clerk is directed to send a copy of this Notice to Plaintiff at 8947 Myra Way, Charlotte, NC which is Plaintiff's address of record, and to counsel for the Defendant.

IT IS SO ORDERED.

Signed: March 14, 2011

Frank D. Whitney
United States District Judge