# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No.: 3:10-cv-00620-DSC

| | |
|---|---|
| ROBYN ADOLPHE, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| AMERICAN HOME MORTGAGE SERVICING, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Plaintiff's Amended Complaint" (document #23) and "Brief in Support ..." (document #24), both filed March 11, 2011.

On May 12, 2011, the parties consented to Magistrate Judge jurisdiction under 28 U.S.C. §636(c).

On March 14, 2011, the Honorable Frank D. Whitney, the District Court Judge to whom this case was then assigned, issued a "Roseboro Notice," advising pro se Plaintiff as follows:

> In an abundance of caution, the Court reminds Plaintiff of the burden she carries in confronting Defendant's renewed Motion to Dismiss (Doc. No. 23). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).
>
> Plaintiff is hereby advised that she has fourteen (14) days from the date of this order, or until **Monday, March 28, 2011**, to file a response to

> Defendant's Motion in light of the above standard. Plaintiff's response must be served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendant. Plaintiff's failure to respond may result in Defendant being granted the relief it seeks, which is dismissal of Plaintiff's complaint. Pursuant to the Federal Rules of Civil Procedure, Plaintiff may not further amend her complaint without first seeking leave of the Court.

"Order" at 2 (document #25).

Plaintiff has filed no response to the pending Motion to Dismiss.

On April 4, 2011, Plaintiff filed a "Motion for Leave to Amend Second Complaint" (document #30), which Judge Whitney <u>denied</u> by Order issued April 18, 2011. <u>See</u> document #32. In a footnote, Judge Whitney noted that in her Motion, Plaintiff conceded the central point of the pending Motion to Dismiss - that the present Defendant "is not an interested or liable party ... [and that] the appropriate remedy is to voluntarily dismiss Defendant from this action rather than use this suit as a spring-board to find the 'one-armed man.'" Document 32 at 3, n 2.

As stated above, on May 12, 2011, the parties consented to Magistrate Judge jurisdiction under 28 U.S.C. §636(c). Defendant's Motion to Dismiss is ripe for disposition.

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id.</u> at 563. A complaint attacked by a Rule 12(b)(6)

motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is

entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, even taking the limited allegations of the pro se Amended Complaint as entirely true and construing every possible inference therefrom in Plaintiff's favor, her Amended Complaint against Defendant must be dismissed. As Defendant argues and as Judge Whitney essentially concluded in his April 18 Order, Defendant was the servicer, not the holder or owner, of the subject home mortgage loan. Plaintiff has not alleged and cannot allege that Defendant foreclosed or attempted to foreclose the subject loan. Accordingly, because Defendant is not a properly named party as a matter of law, its Motion to Dismiss Plaintiff's Amended Complaint clearly must be granted.

**NOW THEREFORE, IT IS ORDERED:**

1. Defendant's "Motion to Dismiss Plaintiff's Amended Complaint" (document #23) is **GRANTED** and the Amended Complaint is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff and to defense counsel.

**SO ORDERED, ADJUDGED AND DECREED.**

Signed: May 13, 2011

David S. Cayer
United States Magistrate Judge